UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DEIDRA LOPEZ,** : | |
| Plaintiff, : | Civ. No. 19-19015 (KM) |
| v. : | |
| **HACKENSACK UNIVERSITY** : **MEDICAL CENTER, UNITED STATES OF AMERICA,** : **AMANDA L. GANZA, M.D.,** | |
| : | |
| Defendants. | |

IT APPEARING that the complaint, which alleges medical malpractice, deemed under 42 U.S.C. § 233(c) and (g) to be an action against the United States under the Federal Tort Claims Act ("FTCA"), was removed from state court by the United States pursuant to 42 U.S.C. § 233 (DE 1); and

IT FURTHER APPEARING that the United States has moved to dismiss the complaint for lack of jurisdiction because plaintiff did not present the matter to the relevant agency or exhaust her administrative remedies under the FTCA before filing, and under the doctrine of derivative jurisdiction (DE 3);[1] and

IT FURTHER APPEARING that, in light of the lack of jurisdiction over the plaintiff's claims, the United States has moved to dismiss the defendants' ancillary cross-claims for contribution and indemnification under the doctrine

---

[1] *See* 28 U.S.C. § 2401(b) (exhaustion requirement); *Fairview Park Excavating Co. v. Al Monzo Constr. Co.*, 560 F.2d 1122, 1125 (3d Cir. 1977) ("If a federal court dismisses a plaintiff's claim for lack of subject matter jurisdiction, any cross-claims dependent upon ancillary jurisdiction must necessarily fall as well, because it is the plaintiff's claim to which the cross-claim is ancillary that provides the derivative source of jurisdiction for the cross-claim. Deviation from this rule would work an impermissible expansion of federal subject matter jurisdiction.").

of derivative jurisdiction and because, in light of the dismissal of the complaint, they are not ripe;[2] and

IT FURTHER APPEARING that the plaintiff, Ms. Lopez, concedes that jurisdiction is lacking, but reserves her rights under the Westfall Act, 28 U.S.C. § 2679(d)(5), to refile her complaint as timely after administrative remedies are exhausted (DE 4); and

IT FURTHER APPEARING that no independent basis for jurisdiction over defendants' cross-claims, including HUMC's is stated (DE 5, 6); and

IT FURTHER APPEARING that in light of the jurisdictional dismissal it would be speculative and inappropriate to grant Ganza's and HUMC's further applications for a prospective ruling that they will be entitled to assert negligence claims against dismissed defendants and should not be required to submit an affidavit of merit, because the issue would become ripe only in the event of a subsequent federal court action by the plaintiff;

## ORDER

IT IS, this 27th day of January, 2020,

ORDERED that the motion of the United States (DE 4) is GRANTED and that the complaint and all cross-claims are DISMISSED without prejudice for lack of jurisdiction.

The clerk shall close the file.

KEVIN MCNULTY
United States District Judge

---

[2] See 28 U.S.C. § 1346(b) (exclusive federal-court jurisdiction over FTCA); *Bradshaw v. Gen. Motors Corp.*, 805 F.2d 110, 112 (3d Cir. 1986) (where state court lacked jurisdiction, federal court does not acquire jurisdiction by virtue of removal); *Sea-Land Serv., Inc. v. United States*, 874 F.2d 169, 173 (3d Cir. 1989) (noting the judicial consensus that "a claim for contribution [under the FTCA] does not accrue until the claimant has paid, or been held liable for, more than his or her share of a common liability"). HUMC's cross-claims, which are similar to Ganza's, were filed after briefing was complete. (DE 8)